UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARTEM ANDRIANUMEARISATA,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; JOSLYN BURCHETT; ANNALIE GREER; and RODERICK USTANIK,<br><br>    Defendants. | Case No. 1:21-cv-00257-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is the United States Equal Employment Opportunity Commission, Joslyn Burchett, Annalie Greer, and Roderick Ustanik's ("Defendants") Motion to Dismiss for Failure to State a Claim. Dkt. 8. Pending as well is Plaintiff Artem Andrianumearisata's Motion to Permit Examination. Dkt. 3. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS the Motion to Dismiss and DENIES the Motion to Permit Examination.

## II. BACKGROUND

Artem Andrianumearisata filed a Complaint[1] with several attachments against Defendants on June 16, 2021. Dkt. 1. Andrianumearisata also filed a Motion to Permit Examination, which seems to be a request to initiate discovery. Dkt. 3. Andrianumearisata's Complaint is full of flowery and nonsensical language and run on sentences and lacks a coherent structure. It is unclear what exactly Andrianumearisata is alleging in his complaint. Andrianumearisata *seems* to be alleging that the Equal Employment Opportunity Commission ("EEOC") violated the Fourteenth Amendment of the United States Constitution by using a paperwork system that was unnecessarily duplicative and cumbersome. Andrianumearisata seems to also be alleging that the EEOC improperly handled, inappropriately processed, and refused to investigate his 2020 charge of discrimination against his former employer. His Complaint asks the Court for the following relief:

> 1) To frame the 14th Amendment into the charge, and enforce it, 2) To appropriate the time of filing which accounts every event reported, 3) To exclude imposition to entertain the IHRC, 4) To dense the language for presentable view. Alternatively, to find practice of the Equal Employment Opportunity Commission's officials Unconstitutional.

Dkt. 1, at 5.

Defendants filed a Motion to Dismiss for Failure to State a Claim. Dkt. 8. Andrianumearisata filed a Response to the Motion. Dkt. 14. Defendants filed a Reply (Dkt.

---

[1] He later filed an identical Complaint, sans the attachments, five days later. Dkt. 6. Because the Complaint and the Amended Complaint are identical, the Court will refer to them as the "Complaint."

15) to which Andrianumearisata filed a Reply Reestablishment in Support of Opposition ("Sur-Reply") (Dkt. 16).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1121.

A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations made in the pleading under attack. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

In cases decided after *Iqbal* and *Twombly*, the Ninth Circuit has continued to adhere to the rule that a dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

## IV. DISCUSSION

### A. Andrianumearisata's Sur-Reply (Dkt. 16)

As a threshold matter, the Court will address Andrianumearisata's Sur-Reply (Dkt. 16). District of Idaho Local Rule 7.1 allows a responding party to serve and file a response brief within 21 days after service of the moving brief. Dist. Idaho Loc. Civ. R. 7.1(c). There is no allowance in the rule for plaintiffs to file a sur-reply or motion in opposition to a reply brief. *See, e.g., Winn v. Blades*, 2018 WL 297567, at *2 (D. Idaho Jan. 4, 2018) (striking multiple unauthorized sur-replies filed by petitioner); *Alternate Energy Holdings, Inc. v. Giorgi*, 2017 WL 187139, at *4 (D. Idaho Jan. 17, 2017) (striking unauthorized sur-reply). Because Andrianumearisata had already filed a response opposing the Motion to Dismiss (Dkt. 14), Andrianumearisata's Sur-Reply (Dkt. 16) is stricken.

The Court is mindful that Andrianumearisata is proceeding pro se, and, as such, the Court must construe the filings and motions liberally. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). However, "[w]hile pro se litigants are held to less stringent standards, a litigant's pro se status does not excuse him or her from complying with the procedural or substantive rules of the court." *Larson v. Cnty. of Benewah*, 2018 WL 3758571, at *1 (D. Idaho Aug. 8, 2018). In this case, even if the Court were to allow the Sur-Reply, it would not change the outcome of the case because it does not add anything

material to the instant dispute. Consequently, Andrianumearisata's Sur-Reply (Dkt. 16) is STRICKEN.

### B. Motion to Dismiss (Dkt. 8)

Defendants argue that (1) Andrianumearisata cannot assert any viable Fourteenth Amendment Claims against Defendants, (2) Andrianumearisata cannot assert any viable constitutional claims against Defendants based on their alleged failures to investigate his charges of discrimination or enforce the provisions of Title VII, and (3) Andrianumearisata lacks any other express or implied causes of action against Defendants under Title VII arising out of their allegedly improper investigation and processing of his charges of discrimination. Dkt. 8-1, 4–6. Andrianumearisata's Response is full of flowery language that is nonsensical, unstructured, and lacks any adequate supporting authority.[2] He does not provide any case law to disprove Defendants' arguments. After review, the Court agrees with Defendants.

First, Andrianumearisata cannot assert any claims against Defendants under the Fourteenth Amendment. The Fourteenth Amendment applies only to actions by a State or a state actor. *See, e.g., S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987) ("The Fourteenth Amendment applies to actions by a State."); *Erickson v. United States*, 976 F.2d 1299, 1300 n.1 (9th Cir. 1992) ("We are aware of no authority approving a constitutional tort action against a federal official for a violation of the

---

[2] For example, Andrianumearisata claims that "A motion to dismiss should not be respected, if the Complaint is not mutinous." Dkt. 14, at 2. Andrianumearisata provides no support for this claim, and it is not clear to the Court what "mutinous" means here.

fourteenth amendment, which applies by its terms only to state action."). The EEOC and its employees are not state actors—they are federal actors. Thus, it is legally impossible for Defendants to have violated the Fourteenth Amendment.[3]

Second, Defendants have discretion whether to investigate or prosecute a matter before them. The Supreme Court has held that such discretionary decisions are rebuttably presumed immune from judicial review. *See Heckler v. Chaney*, 470 U.S. 821, 832 (1985) (holding "agency refusals to institute investigative or enforcement proceedings" are presumed immune from judicial review under 5 U.S.C. § 701(a)(2)). Andrianumearisata has not demonstrated, or even implied that (1) Defendant's decision to not investigate is nondiscretionary or (2) the rebuttable presumption against judicial review should be overcome here. As such, Andrianumearisata has not adequately alleged a claim against Defendants.

Andrianumearisata also seems to imply that he is bringing a claim against Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-5, *et seq*. However, this is also a legal impossibility. The Ninth Circuit has clearly held that Title VII did not impliedly or "expressly create a cause of action against the EEOC by employees of third parties." *Ward v. EEOC*, 719 F.2d 311, 313 (9th Cir. 1983). To the extent that

---

[3] Because Andrianumearisata is a pro se litigant, the Court will liberally construe his equal protection claim as a violation of his Fifth Amendment rights. *Johnson v. U.S. Bureau of Prisons*, 1993 WL 542120, at *1 n.2 (9th Cir. 1993) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990)). However, even if generously construed as a Fifth Amendment claim, Andrianumearisata's claim still fails.

MEMORANDUM DECISION AND ORDER - 6

Andrianumearisata alleges a claim under Title VII, the Court accordingly dismisses such a claim.

The Court will dismiss Andrianumearisata's claims with prejudice against Defendants. The Court understands that dismissal with prejudice is a harsh remedy, and it does not take this step lightly. It also understands that, ordinarily, dismissing a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). The "harshness of a dismissal with prejudice is directly proportionate to the likelihood that plaintiff would prevail if permitted to go forward to trial." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (quoting *Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047, 1053 n.4 (9th Cir. 1971)).

Here, no amendments could save Andrianumearisata's claims. All the claims that he has alleged are barred as a matter of law. Therefore, Andrianumearisata's claims against Defendants are DISMISSED WITH PREJUDICE.

### C. Motion to Permit Examination (Dkt. 3)

Having granted Defendants' Motion to Dismiss, Plaintiff's Motion to Permit Examination (Dkt. 3) is hereby DENIED as MOOT.

### V. ORDER

The Court HEREBY ORDERS:

1. Andrianumearisata's Sur-Reply (Dkt. 16) is STRICKEN.
2. Defendant's Motion to Dismiss (Dkt. 8) is GRANTED.

MEMORANDUM DECISION AND ORDER - 7

3. Andrianumearisata's Motion to Permit Examination (Dkt. 3) is DENIED as MOOT.

4. Andrianumearisata's Complaint (Dkt. 1) is DISMISSED WITH PREJUDICE.

DATED: December 1, 2021

David C. Nye
Chief U.S. District Court Judge